(39 Misc. Rep. 337.)

### ROTHOSER v. COSEL et al.

(Supreme Court, Appellate Term. November, 1902.)

1. BAILMENT—THEFT FROM BAILEE—LIABILITIES.

A tailor, who made up clothing for a manufacturer, who furnished him with the cut goods, cannot recover for the work done upon the goods, when they had been stolen from him before their return to the manufacturer, as against the manufacturer's counterclaim for their value, on his mere evidence that he had nothing to do with the theft.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Jacob Rothoser against Julius Cosel and Morris Goldstein. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and BLANCHARD, JJ.

Sol. A. Cohn, for appellants.
Abraham H. Sarasohn, for respondent.

FREEDMAN, P. J.   The plaintiff brought this action, and claimed to recover the sum of $132.88 for work, labor, and services performed for the defendants in making up clothing; the plaintiff being a tailor, and the defendants being manufacturing clothiers.   The custom was for the defendants to deliver to the plaintiff cut and unmanufactured clothing, which the plaintiff would make up at an agreed price, and was paid therefor upon delivery by him to the defendants when so made up.   In February, 1902, there was one consignment to the plaintiff of 99 pairs of pants, of the value of $198.66, which was stolen from the premises of the plaintiff.   At the time of the theft there was a sum due from the defendants to the plaintiff for work performed on other goods, and the plaintiff continued to make up clothing for the defendants.   It is claimed by the defendants that at this time an agreement was made between the parties, by which agreement the plaintiff was to pay said sum of $198.66, by allowing the sum of $25 to be deducted from the amount then due him, and then subsequent weekly deductions were to be made at the rate of 10 per cent. each week from the amounts due the plaintiff for future work; the defendants on their part agreeing that they would not begin an action against the plaintiff to recover the value of the stolen property.   Subsequently eight weekly payments were made to the defendants, by eight deductions being taken from the amounts due the plaintiff, which deductions, on April 1, 1902, amounted to the sum of $48.   At that time there was also due the plaintiff for work the sum of $49.10, leaving a balance due the defendants, as claimed by them, of the sum of $101.56.   The agreement to pay the defendants for the stolen property is denied by the plaintiff.   The plaintiff, claiming that the defendants owed him as follows:   First, the sum of $49.10 for work; second, the sum of $35.64 for the making up of the stolen pants; and, third, the $48 deducted by the defendants as aforesaid,—the sum total amounting to the sum of $132.74,—brought this action to recover that amount.   The defendants interposed a counterclaim for the sum of $101.73, being the amount claimed by them to be due after deducting from the value of the stolen pants the sum of $49.10 due him for work and the sum of $48 deducted as by their alleged agreement as above stated.

The trial judge gave a judgment in favor of the plaintiff for the sum of $84.50.   By what process of reasoning he arrived at that amount it is impossible to determine.   It is clear that the plaintiff, if entitled to a judgment at all, was entitled to the full amount of his claim.   He seemingly is satisfied, however, with the judgment as rendered; the defendants alone appealing.   The delivery of the 99 pairs of pants to the plaintiff, their value, and the fact that the plaintiff claimed that they had been stolen, was undisputed.   The relation between the plaintiff and defendants was that of bailee and bailors.   The defendants had delivered the goods to the plaintiff, which he was bound to return.   There can be no doubt that, upon these facts alone, and for failure on the part of the plaintiff to return goods of a certain value, the defendants could offset or counterclaim therefor, in an action brought by the plaintiff against them for labor and services.   This they did in this action.   The burden was upon the plain-

tiff to account for the goods committed to his care. This he failed to do. He claims that they were stolen, but the only testimony given by him in regard to the theft was that they were stolen, and that he had nothing to do with the theft. "It is not, of course, intended to hold that a warehouseman, refusing to deliver goods, can impose any necessity of proof upon the owner by merely alleging as an excuse that they have been stolen or burned. These facts must appear or be proved with reasonable certainty." Claflin v. Meyer, 75 N. Y. 260–263, 31 Am. Rep. 467. Such testimony was insufficient. It follows, therefore, that, as the testimony stood at the close of the case, the right of the defendants to recover upon their counterclaim had not been destroyed.

As the foregoing necessitates a reversal of the judgment herein, it is not necessary to pass upon the validity of the agreement alleged to have been made between the parties subsequent to the alleged theft of the defendants' property.

Judgment reversed, and new trial ordered, with costs to appellants to abide event. All concur.